JUDGMENT

PER CURIAM.
This appeal was considered on the record from the United States District Court for the District of Columbia and on the amended brief and appendix filed by appellant. See Fed. RApp. P. 34(a)(2); D.C.Cir. Rule 34(j). It is
ORDERED AND ADJUDGED that the district court’s order filed February 24, 2010, dismissing appellant’s complaint for lack of subject matter jurisdiction, be affirmed. The complaint is an outgrowth of an ongoing matter in D.C. Superior Court. United States district courts do not have authority to review or otherwise interfere with ongoing D.C. Superior Court matters. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486, 103 S.Ct. *23 1303, 75 L.Ed.2d 206 (1983) (United States district courts do not have jurisdiction over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court’s action was unconstitutional); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923) (U.S. district court has no authority to review final determination of state court); Richardson v. District of Columbia Court of Appeals, 83 F.3d 1513, 1515 (D.C.Cir.1996) (approving application of Rooker-Feldman to decisions of lower state courts, such as D.C. Superior Court).
Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R.App. P. 41(b); D.C.Cir. Rule 41.